MOORE, Judge.
The State Attorney appeals a peremptory writ of mandamus requiring him to allow inspection of certain of his files by a newspaper reporter. He contends that the public records law exempts these files from its disclosure requirements because they contain criminal intelligence and criminal investigative information received by a criminal justice agency prior to January 25,1979. See, Section 119.07(3)(j), Florida Statutes (1979). We agree and reverse.
The consumer fraud division of the State Attorney’s office compiled all of the information involved in this appeal prior to January 25, 1979, while investigating consumer fraud complaints against three different entities. The State Attorney has the statutory authority to initiate civil or criminal actions against the perpetrators of fraud discovered as a result of such investigations. *1275 Each of the three investigations concluded with civil proceedings. Thus, the appellees contend the trial court was correct in ordering the disclosure of the files because no one of the investigations resulted in criminal prosecution.
Two assistant state attorneys testified and described the unique nature of consumer fraud cases. They explained that when investigating complaints they look for patterns of criminality because the accumulation of civil wrongs can often establish the intent element necessary for criminal violations. “A good bit of investigation” is necessary to determine whether complaints should be handled in a criminal or a civil manner. Their testimony was that the complaints here were investigated with a view toward criminal prosecution.
All governmental records are open for public inspection and copying unless specifically exempted. Sections 119.07(l)(a) and 119.07(3)(a), Florida Statutes (1979). All criminal intelligence and criminal investigative information received by a criminal justice agency prior to January 25, 1979 is specifically exempt from the requirements of public disclosure. Section 119.07(3)(j), Florida Statutes (1979). In this case, the State Attorney received the information prior to January 25, 1979; therefore, even though the files are closed, the information contained in them is exempt if it falls in the categories of criminal intelligence or criminal investigative information. Fortunately, the Legislature has defined these terms for us as follows:
§ 119.011 Definitions — ...
(3)(a) “Criminal intelligence information” means information with respect to an identifiable person or group of persons collected by a criminal justice agency in an effort to anticipate, prevent, or monitor possible criminal activity.
(b) “Criminal investigative information” means information with respect to an identifiable person or group of persons compiled by a criminal justice agency in the course of conducting a criminal investigation of a specific act or omission, including, but not limited to, information derived from laboratory tests, reports of investigators or informants, or any type of surveillance.
The phrase “collected ... in an effort to anticipate, prevent, or monitor possible criminal activity” implies that the test for characterizing investigative information is whether the nature of the investigation is such that a criminal prosecution could result. The testimony clearly showed that criminal prosecutions could have resulted from these investigations, but for unexplained reasons, they were concluded in a civil manner. Thus, we hold that the files contain criminal intelligence and investigative material which was, and may be, used to prevent and monitor possible criminal activity.
We recognize the difficulty which one who seeks such information may have in proving the negative, i. e., that such information is not criminal in nature, without the benefit of first observing the information. We also recognize, however, the nature of consumer fraud. It is criminal if all of the elements of the crime are present and revealed by the investigation. Certainly, the State Attorney would prosecute if he could prove the crime. The fact that an element of the crime does not appear provable does not alter the nature of his investigation into the activity. Perhaps that is the very reason the Legislature provided such a broad definition.
We are troubled, however, with the State Attorney’s concession at oral argument that the portions of his files which he compiled after the decision to proceed civilly may be subject to disclosure. Unfortunately, this was not presented to the able trial court. Instead, the voluminous files were merely laid on the court’s bench with a request for an in camera inspection of the total information. This is improper.
Accordingly, on remand, a determination should be made as to when criminal prosecution was foreclosed and only those matters which do not relate to an effort to “anticipate, prevent or monitor possible criminal activity” shall be disclosed.
*1276 The peremptory writ of mandamus is quashed and this cause is remanded to the trial court.
HURLEY, J., and G. KENDALL SHARP, Associate Judge, concur.